UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER DARAZS,                          PRISONER CASE NO.
            Plaintiff,                       3:14cv1330 (JCH)

        v.

DZURENDA, et al.,                            JUNE 24, 2015
            Defendants.

## RULING ON PENDING MOTIONS

The plaintiff, Christopher Darazs, currently incarcerated at Garner Correctional

Institution, initiated this action by filing a civil rights Complaint pro se.  He named

Commissioner Dzurenda, Warden Erfe, Deputy Warden Mudano, Lieutenants Cogner,

Gillette and Avery, Correctional Officers Irizarry, Johnson, Lee and John Does Nos. 4-10,

Social Workers Jane Doe 1 and John Does 2-4 and Nurses John Doe 1 and Jane Doe 2

as defendants.

On January 21, 2015, the court concluded that the allegations in the Complaint

stated plausible claims of excessive use of force, failure to protect the plaintiff from harm,

deliberate indifference to the plaintiff's safety and deliberate indifference to the plaintiff's

medical and mental health needs in violation of the Eighth Amendment as well as state law

claims of assault and battery.    The court informed the plaintiff that it would be unable to

serve the Complaint on the Jane and John Doe defendants because he had not identified

those defendants by their first and last names.  The court permitted the plaintiff ninety (90)

days to conduct discovery and to file a notice identifying the Jane and John Doe

defendants by their first and last names.

On April 13, 2015, the plaintiff filed an Amended Complaint listing Commissioner

1

Dzurenda as the only defendant in the caption.    On May 6, 2015, the defendants moved

to dismiss the Complaint.    In response, the plaintiff has moved for an extension of time to

respond to the Motion to Dismiss and also to file a second amended complaint.  Pending

are multiple motions filed by the plaintiff in addition to the Motion to Dismiss filed by the

defendants.  For the reasons set forth below, the second Motion to Amend is granted, the

Motion to Dismiss is denied without prejudice, and all of plaintiff's other motions are denied.

## I.    Motions for Extension of Time [Docs. Nos. 18, 23]

The plaintiff seeks a thirty day extension of time "because council failed to respond

to interrogatories."  The plaintiff has not set forth a sufficient basis to support an extension

of time.  Because the plaintiff has not demonstrated good cause to grant him an extension

of time, the Motion is denied.

The plaintiff seeks a ninety day extension of time "due to a failure of

communication."   He claims the his correctional counselors need to investigate why he did

not receive a copy of the appearance filed by counsel for the defendants.  The plaintiff has

failed to set forth good cause to grant him an extension of time.  Thus, the Motion is

denied.

## II.    Motion for Default [Doc. No. 20]

The plaintiff seeks to default the defendants for failure to appear.   Because counsel

has appeared for the defendants and has filed a motion to dismiss, the defendants are not

in default.  The Motion for Default is denied.

## III.    Motions to Compel [Docs. Nos. 19, 31]

In the first Motion to Compel, the plaintiff states that he sent interrogatories and a

request for production of documents to the Assistant Attorney General's Office in Hartford

on January 28, 2015.  He claims that the defendants have not responded to these discovery requests.  He seeks to compel the defendants to respond to his discovery requests.  In response to the Motion to Compel, counsel for the defendants represents that she never received a copy of the plaintiff's January 28, 2015 discovery requests.

Local Rule 37(b)1 requires that any discovery motion filed with the court be accompanied by a detailed memorandum of law containing the specific items of discovery sought or opposed.  Rule 37(b)1 provides in pertinent part:

> Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court.  Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed. . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(b)1.

The plaintiff has not filed a memorandum in support of his Motion that sets forth the reasons why each of the requested items of discovery should be allowed.  Thus, the plaintiff did not comply with Local Rule 37(b)1.   Furthermore, counsel for the defendants has indicated that, after she received the Motion to Compel with the discovery request attached, she mailed the plaintiff the documentation that he sought in that request.  Thus, the first Motion to Compel (Doc. No. 19) is denied for failure to comply with Local Rule 37(a) and (b)1 and as moot.

In the second Motion to Compel (Doc. No. 31), the plaintiff states that in March and April 2015, he submitted written requests for photographs and videotapes pursuant to Rule 33 of the Federal Rules of Civil Procedure.   He claims to have received two black and white photographs, but seeks additional photographs.   He also requests that the

3

defendants produce color photographs and color videotapes of the incidents that are the subject of the case. He states that the photographs and video tapes are crucial to proving his case.[1]

The plaintiff did not attach the discovery requests to his Motion. Nor did he file a memorandum in support of his Motion. The second Motion to Compel (Doc. No. 31) is denied for failure to comply with Local Rule 37.

**IV.    Motions to Amend [Docs. Nos. 32, 33]**

The plaintiff has filed two Motions to Amend to clarify his claims and to add newly identified defendants in place of the Doe defendants. The proposed amended complaint attached to the first motion to amend only lists Commissioner Dzurenda in the caption. Rule 10(a) of the Federal Rules of Civil Procedure requires all defendants to be listed in the caption of a complaint or an amended complaint. Based on representations by the plaintiff in his second Motion to Amend, he did not intend to proceed only as to defendant Dzurenda. Accordingly, the first Motion to Amend (Doc. No. 32) is denied.

In the second Motion to Amend (Doc. No. 33), the plaintiff states that he has identified the Doe defendants and seeks to add those defendants to the case. The proposed Amended Complaint attached to the second Motion to Amend includes the defendants in the caption which is set forth on the first three pages. Those defendants are Commissioner Dzurenda, Warden Erfe, Deputy Warden Mudano, Captain Williams, Lieutenant Iozzia, Correctional Officers Johnson, Guillot, Senita, Gingras, Servidio,

---

[1] In their Reply, defendants represent that the black and white photos provided to plaintiff are "the only photos known to exist." Defendants' Opposition to Motion to Compel Discovery (Doc. No. 34). Defendants' counsel further notes that she has made arrangements to permit the plaintiff to view the videos of the incident, but that plaintiff is not permitted possession of the video for security reasons. Id.

Dewaine, Surfus and Turner, Medic Evans and Medic/Nurse Quenneville.

The Federal Rules of Civil Procedure provide that a plaintiff may amend his complaint once as of right "within 21 days after serving [the complaint] or . . . [within] 21 days after service of a" pleading responsive to the complaint "or 21 days after service of a motion" to dismiss, for more definite statement or to strike, whichever is earlier."  The plaintiff has already filed one amended complaint.  Thus, he may not file a second amended complaint without permission of the court.

After the time to amend as of right has passed, "[t]he court should freely" grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In considering whether to grant a litigant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

The court concludes that the plaintiff's Motion was not filed in an effort to unduly delay the case and that the defendants will not be prejudiced if the court grants the plaintiff's Motion.  Because the plaintiff seeks to clarify his claims and identify the individuals who were actually involved in the alleged excessive use of force, failure to protect and deliberate indifference to medical needs claims, justice requires the court to permit the plaintiff to file a second amended complaint.  The second Motion to Amend is granted (Doc. No. 33).  The Clerk is ordered to docket the proposed thirty-four page Amended Complaint attached to the second Motion to Amend as a Second Amended Complaint.  The letter attached to the Motion shall NOT be docketed as part of the amended complaint.

**V.      Second Amended Complaint**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  Id.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  Although courts still have an obligation to liberally construe a pro se complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The plaintiff alleges that on February 13, 2014, at Corrigan-Radgowski Correctional Institution, defendants Williams, Guillot, Surfus, Senita, Johnson, Iozzia, Dewaine, Turner, Servidio and Gingras responded to a Code Blue in the cafeteria.   All of these defendants either used excessive force against him or failed to intervene to stop excessive force from being used against him.  As a result, he suffered multiple injuries.  Defendants Evans and Quenneville failed to treat the plaintiff's injuries or provide relief for his pain.

The plaintiff made defendants Erfe and Mudano aware of the use of excessive force against him, but they failed to take any action to remedy this conduct.  They also failed to

properly train the officers as to the proper amount of force to be used to subdue an inmate. The plaintiff seeks monetary damages from the defendants in their individual capacities and declaratory and injunctive relief from the defendants in their official capacities.

The plaintiff does not mention Commissioner Dzurenda other than in his description of parties.   The plaintiff describes Commissioner Dzurenda as having the responsibility of creating and enforcing policies, training and supervising Department of Correction employees and providing care to inmates.   A simple description of Commissioner Dzurenda's duties does not state a claim against him.  Furthermore, Commissioner Dzurenda, as a supervisory, cannot be held liable for damages under section 1983 solely for the acts of his subordinates.  See Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985).

The Second Amended Complaint is devoid of facts to support a claim against defendant Dzurenda.  Because the plaintiff has not alleged that defendant Dzurenda violated his federally or constitutionally protected rights, all claims against defendant Dzurenda are dismissed.  See 28 U.S.C. § 1915A(b)(1).

The court concludes the allegations in the Second Amended Complaint state plausible claims of 1) excessive use of force, failure to protect the plaintiff from harm and deliberate indifference to the plaintiff's safety against defendants Erfe, Mudano, Williams, Guillot, Surfus, Senita, Johnson, Iozzia, Dewaine, Turner, Servidio, and Gingras and 2) deliberate indifference to the plaintiff's medical needs against defendants Evans and Quenneville.  These Eighth Amendment claims will proceed against defendants Erfe, Mudano, Williams, Guillot, Surfus, Senita, Johnson, Iozzia, Dewaine, Turner, Servidio, Gingras, Evans and Quenneville in their individual and official capacities.  In addition, the state law claim of assault and battery will proceed against defendants Williams, Guillot,

7

Surfus, Senita, Johnson, Iozzia, Dewaine, Turner, Servidio and Gingras in their individual and official capacities.

**VI.     Motion to Dismiss [Doc. No. 27]**
**Motion for Extension of Time to Respond to Motion to Dismiss [Doc. No. 29]**

Commissioner Dzurenda moves to dismiss the claims against him.   In view of the fact that the court has dismissed all claims against defendant Dzurenda, the Motion to Dismiss (Doc. No. 27) and the Motion for Extension of Time to Respond to the Motion to Dismiss are denied as moot (Doc. No. 29).

**VII.     Motion to Appoint Counsel [Doc. No. 30]**

The plaintiff is seeking an appointment of pro bono counsel pursuant to 28 U.S.C. § 1915.  There is no right to counsel in a civil case.  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).

The plaintiff alleges that he sent letters to seven attorneys in 2014 as well as to the Yale Law School and the American Civil Liberties Union, but no one will take his case. The plaintiff does not assert that he has contacted the Inmates' Legal Assistance Program with regard to litigating this case.   The plaintiff has not demonstrated that he is unable to secure the assistance of counsel independently.

The plaintiff states that the issues in the case are complex, and he will need an attorney at trial to present evidence and cross-examine witnesses.  The plaintiff has just filed a Second Amended Complaint.  The case is not ready to proceed to trial.  Thus, the plaintiff's request for counsel is premature.

For all of the reasons set forth above, the Motion for Appointment of Counsel (Doc. No. 30) is denied without prejudice. The plaintiff may renew his Motion at a later stage of

the litigation.

## VIII.  CONCLUSION

The Motions for Extension of Time [**Docs. Nos. 18, 23**] and Motion for Default [**Doc. No. 20**] are **DENIED**.  The First Motion to Compel [**Doc. No. 19**] is **DENIED** for failure to comply with Local Rule 37 and as moot.  The Second Motion to Compel [**Doc. No. 31**] is **DENIED** for failure to comply with Local Rule 37.  The Motion for Appointment of Counsel [**Doc. No. 30**] is **DENIED** without prejudice.  The plaintiff may renew his motion at a later stage of the litigation.  The Motion to Dismiss [**Doc. No. 27**] and the Motion for Extension of Time [**Doc. No. 29**] to respond to the motion to dismiss are **DENIED** as moot.  The First Motion to Amend [**Doc. No. 32**] is **DENIED**.

The Second Motion to Amend [**Doc. No. 33**] is **GRANTED.  The Clerk shall docket the twenty-three page proposed amended complaint attached to the second Motion to Amend as a Second Amended Complaint.**   The letter attached to the Motion shall **NOT** be docketed as part of the amended complaint.   **The Clerk shall also docket the exhibits on pages 26-34 of Doc. No. 32-1 as exhibits to the Second Amended Complaint.**[2]  The claims in the Second Amended Complaint against defendant Dzurenda are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The Eighth Amendment claims in the Second Amended Complaint against defendants Erfe, Mudano, Williams, Guillot, Surfus, Senita, Johnson, Iozzia, Dewaine, Turner, Servidio and Gingras for excessive use of force, failure to protect the plaintiff from

---

[2] Darazs cites to these same Exhibits in his proposed Second Amended Complaint attached to his second Motion to Amend (Doc. No. 33); however, he appears to have inadvertently omitted them from Doc. No. 33-1.

harm and deliberate indifference to the plaintiff's safety and the Eighth Amendment claims against defendants Evans and Quenneville for deliberate indifference to the plaintiff's medical needs as well as the state law claim of assault and battery against defendants Williams, Guillot, Surfus, Senita, Johnson, Iozzia, Dewaine, Turner, Servidio and Gingras will proceed.

Within twenty-one (21) business days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for each of the following defendants: Warden Erfe, Deputy Warden Mudano, Captain Williams, Lieutenant Iozzia, Correctional Officers Johnson, Guillot, Senita, Gingras, Servidio, Dewaine, Surfus and Turner, Medic Evans and Medic/Nurse Quenneville in his or her individual capacity and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  If any defendant fails to return the waiver request within thirty days, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

Within twenty-one (21) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint and this Order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

Defendants shall file their response to the Second Amended Complaint, either an answer or motion to dismiss, within thirty (30) days from the date the Notice of Lawsuit and

Waiver of Service of Summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order.  Discovery requests need not be filed with the court.

All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

**SO ORDERED** this 24th day of June, 2015, at New Haven, Connecticut.

    /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge

11