```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT

------------------------------x
                              :
CHRISTOPHER DARAZS            :     Civil No. 3:14CV01330(JCH)
                              :
v.                            :
                              :
DZURENDA, et al.              :     April 29, 2016
                              :
------------------------------x
```

**ORDER FOLLOWING IN CAMERA REVIEW OF DOCUMENTS**

Defendants Dzurenda, et al. (hereinafter "defendants"), have submitted for an <u>in camera</u> review 103 documents that have been redacted and/or withheld from disclosure based on claims of lack of relevance, and due to security, safety and privacy concerns. <u>Pro se</u> plaintiff Christopher Darazs (hereinafter "plaintiff") challenges the redactions on two (2) of these documents. For the reasons that follow, the Court sustains the redactions, but orders the production of one additional document to plaintiff.

**Background**

Plaintiff filed this action against fifteen (15) individually named state employees pursuant to 42 U.S.C. §1983, alleging violations of his Eighth and Fourteenth Amendment rights, claiming that he was subject to excessive force, that there was a failure to intervene, and that he was denied adequate medical treatment. [Doc. #35]. Plaintiff seeks monetary

1

damages and declaratory relief. Id. On February 22, 2016, plaintiff filed a "Motion for review of Redacted Documents," requesting an in camera review "for relevance" of the redacted documents related to the alleged incident that had been previously provided to plaintiff by defendants. [Doc. #84 at 1]. On March 7, 2016, this Court denied the motion with leave to renew upon plaintiff's receipt of a complete set of the disputed records with Bates-stamps. [Doc. #91 at 2-3]. Plaintiff renewed the motion on March 25, 2016, requesting an in camera review of "all documents, unredacted, related to the incident. Specifically: bates #s one and eight." [Doc #94 at 1]. The Court granted plaintiff's motion on March 29, 2016, and ordered defendants to provide unredacted copies of the documents produced to plaintiff bearing Bates-stamps one through twenty-two (constituting the Incident Summary Report and Incident Report). [Doc. #97]. Defendants submitted the records for in camera review on April 7, 2016, by hand delivery.[1]

## Discussion

Plaintiff seeks unredacted copies of Bates-stamped

---

[1] The Court's Order dated March 29, 2016, required the defendants to file the documents for in camera submission, under seal, on or before April 6, 2016. [Doc. #97]. Defendants moved this Court on April 7, 2016, for an extension of time to deliver the submission, nunc pro tunc, [Doc. #102]. The Court granted defendants' motion on the same date and accepted the submission via hand-delivery in lieu of a sealed filing.[Doc. #103].

2

documents one (1) and eight (8), and asks the Court to review these records for relevance. Defendants provided an Affidavit with the in camera submission, specifying the safety, security and privacy concerns implicated in the disclosure of the redacted portions of the documents. The Court construes plaintiff's motion to argue that the redacted information sought is relevant, and such relevance outweighs the security and privacy concerns that defendants raise.[2]

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009). Relevance "has been construed broadly to encompass any

---

[2] The Court recognizes that "the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)(quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)).

matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)(citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

After a review of the complete set of records, the Court finds that the defendants' redactions are appropriate. Specifically, Bates-stamped document number one, entitled, "Incident Summary Report (1, 2 and 3)" is redacted to conceal the personal and identifying information of inmates not involved in the subject incident, internal Code designations, and personal information regarding correctional officers. The second document sought, Bates-stamped number eight, is also redacted to conceal internal Code designations and personal information regarding correctional officers.

The Court finds no compelling reason to disclose any of this information to plaintiff as said information is neither relevant to the claims alleged, nor necessary for plaintiff to prove his case. The other identified inmates are not alleged to be witnesses to the incident at issue, and plaintiff does not contend that their identities or personal information are relevant to his claims. In regards to the Code designations, "defendants have a legitimate security interest in withholding the requested materials." Delacruz v. Bennett, No. 03CV6455L, 2006 WL 1389770, at *2 (W.D.N.Y. May 19, 2006)(denying an

4

incarcerated plaintiff's request for an unredacted copy of the Department of Correction's Employee Handbook); see also Carter v. Kiernan, No. 98CIV2664(JGK)(MHD), 1999 WL 1043865, at *1 (S.D.N.Y. Nov. 17, 1999); Sowell v. Chappius, No. 07CV6355, 2010 WL 1404004, at *2 (W.D.N.Y. Mar. 31, 2010)("[A] court can impose limits on a pro se plaintiff's access to information that may, in the hands of a prisoner, pose a threat to institutional safety and security."). The Court finds that the privacy and security concerns set forth by defendants outweigh plaintiff's interest in disclosure. See Woodward v. Mullah, No. 08CV463(A)(M), 2010 WL 3023117, at *4 (W.D.N.Y. July 29, 2010).

Upon review of the entire set of unredacted records, however, the Court has determined that one record was improperly withheld from disclosure to plaintiff. Bates-stamped document number five was initially withheld from plaintiff as it regarded other inmates in an unrelated matter, as per a letter to plaintiff from defendants, dated March 9, 2016. The Court's review of this record reveals information related to plaintiff's incident. Thus, the Court hereby orders that defendants shall provide Bates-stamped document five to plaintiff, subject to the redactions deemed appropriate supra, **on or before May 13, 2016.**

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of

5

review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

    SO ORDERED at New Haven, Connecticut, this 29th day of April, 2016.

                                          /s/
                          HON. SARAH A. L. MERRIAM
                          UNITED STATES MAGISTRATE JUDGE